LANDRIEU, Judge.
In this maritime action, plaintiffs, Dorothy M. Vedros, Earline Vedros Schmidt, and Earlis J. Vedros, appeal the dismissal of their loss of consortium claims on a motion for summary judgment granted in favor of defendants, Public Grain Elevator of New Orleans, Inc. and Peavy Company. Finding no error in the judgment of the trial court, we affirm.
FACTS
On August 1, 1979, Percy J. Vedros, Sr., a longshoreman employed by Louisiana *1377 Stevedores Inc., collapsed during the course and scope of his employment as a grain trimmer aboard a vessel moored at the Public Grain Elevator Dock in the Mississippi River at the Port of New Orleans.[1] Diagnosed with grain asthma, a lung disease which results from excessive grain dust inhalation, Mr. Vedros was placed on disability. Thereafter, he continued to reside at his lifelong home at 5333 Laurel Street, New Orleans, seven to eight blocks from the Public Grain Elevator. Due to excessive air pollution from leaking grain dust, Mr. Vedros was advised by his physician to move from his home, according to his allegations.
On November 24, 1986, Mr. Vedros died from the lung disease, grain asthma. His widow and children filed the instant suit against numerous defendants, none of whom was Mr. Vedros’ employer. Plaintiffs’ petition alleged two distinct causes of action: a maritime negligence suit and a products liability suit against the manufacturers of protective respiratory equipment.
Following a hearing, the trial court granted summary judgment in favor of defendants, Public Grain Elevator of New Orleans, Inc. and Peavy Company, and dismissed plaintiffs’ claim for damages other than loss of support. In its reasons for judgment, the trial court stated the following:
This matter came up in a motion for summary judgment filed Public Grain of New Orleans, Inc. (hereinafter referred to as “Public Grain”) and Peavy Company, and on an exception of prescription filed by Board of Commissioners, Port of New Orleans (hereinafter referred to as “Board” (sic), all defendants herein.
The motion for summary judgment is based on the failure to claim a pecuniary loss in plaintiffs’ petition by the wife and surviving children of decedent, Perez J. Vedros, Sr. They have each claimed damages for:
1.Loss of love, affection and society
2. Grief, mental anguish and distress
3. Damages for physical pain and suffering of the decedent Perez J. Vedros, Sr.
In Ludwick Adam Torregano v. Apex Marine Corporation, No. 89-1158, U.S. Supreme Justice O’Connor, as organ of the Court, reaffirmed the holding in Mo-ragne v. States Marine Lines, Inc., 398 U.S. 375, [90 S.Ct. 1772, 26 L.Ed.2d 339 (1970)], followed in Miles v. Apex Marine Corp., [498 U.S. 19], 111 S.Ct. 317 [112 L.Ed.2d 275 (1990)], wherein the wrongful death action allowed by the Death On High Seas Act (DOHSA) applied to seamen in territorial waters and is inclusive of longshoremen.
Torregano v. Apex, supra, also limited the recovery to loss of income of the seaman, or the support lost by dependents, during the decedent’s lifetime.
In Antill v. Public Grains [Grain], Et Al, 507 [577] So.2d 1039, (La. [App.] 4th Cir.1991) (sic) a very similar case as the instant one, recognized a grain elevator longshoreman as a seaman and governed by federal substantive law rather than by tort law of Louisiana.
Therefore, this court must maintain the motion for summary judgment relative to the claims for loss of love, etc., as recited hereinabove.[2]
DISCUSSION
Plaintiffs contend they are entitled to recover under Louisiana law because of a land based tort and that general maritime law does not preclude their claim for non-pecuniary losses.
The first claim is based on the theory that the decedent lived in the vicinity of defendants’ facilities for many years and died from the inhalation of dust emitted from these facilities. However, plaintiffs failed to plead this cause of action. At a hearing on February 5,1992, the trial court allowed plaintiffs until March 3rd to amend *1378 their pleadings to make this claim. Although they amended their petition on March 2nd, they still failed to include a claim for damages which was not work related, i.e., a pure Louisiana tort claim. Consequently, their theory has no merit in this Court because it was never properly pleaded and presented to the trial court. Since plaintiffs failed to plead a land based tort, they are left with the theory that decedent inhaled grain dust in his capacity as a longshoreman loading grain onto vessels. In this respect their case is indistinguishable from Antill v. Public Grain Elevator, et al, 577 So.2d 1039 (La.App. 4th Cir.1991), writ denied, 581 So.2d 684 (1991), and their claim is governed by federal substantive law and not by Louisiana tort law. Thus, the issue becomes whether federal maritime law permits recovery by plaintiffs for nonpecuniary losses.
We begin with the premise that there is “no recovery for loss of society for a wrongful death of a Jones Act seaman whether the claim is brought under DOH-SA, the Jones Act, or general maritime law.” Miles v. Apex Marine Corp., 498 U.S. 19, 33, 111 S.Ct. 317, 326, 112 L.Ed.2d 275 (1990).
With respect to the survivors of a longshoreman, Congress amended the LHWCA, 33 U.S.C. § 905(b) in 1972 to bar recovery from shipowners for the death or injury of a longshoreman resulting from breach of the duty of seaworthiness. Miles, 498 U.S. at 27, 111 S.Ct. at 323. This amendment rendered Gaudet v. Sea-Land Services, Inc., 463 F.2d 1331 (5th Cir.1972)[3] inapplicable on its facts.[4] Miles, 498 U.S. at 31, 111 S.Ct. at 325.
Gaudet was a longshoreman who was severely injured aboard a vessel in state territorial waters. He sued the vessel owner for unseaworthiness. Shortly thereafter, he died and his widow brought a wrongful death action. The widow was allowed to recover nonpecuniary losses based upon the recent trend in permitting such recovery. Gaudet, 414 U.S. at 591, 94 S.Ct. at 818.
Gaudet applies only in territorial waters, and it applies only to longshoremen. Miles, 498 U.S. at 31, 111 S.Ct. at 325. Although the Miles court did not reverse Gaudet or specifically limit it to its facts, it seems appropriate because it creates an anomaly in the law.
The need for uniformity in maritime law is recognized and was the overriding concern of the Miles court. Since Gaudet, the 1972 amendments to the LHWCA and the decision of the U.S. Supreme Court in Miles evidences the trend in federal jurisprudential and statutory law to bar claims for nonpecuniary loss.
For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.
WALTZER, J., dissents with written reasons.

. From 1952 to 1979, Mr. Vedros worked for various stevedoring companies loading grain onto vessels from defendants' grain elevators along the Mississippi River.

. The remainder of the document discussed the homeowners’ action which is moot due to plaintiffs amendment and the exception of prescription was not appealed.

. Gaudet was affirmed by Sea-Land Services, Inc. v. Gaudet, 414 U.S. 573, 94 S.Ct. 806, 39 L.Ed.2d 9 (1974).

. If Gaudet were limited to its facts, then it would no longer have any applicability at all.